THE PEOPLE OF THE STATE OF NEW YORK ex rel. LARRY HIRSCH, Also Known as LAWRENCE CHARLES HIRSCH, Appellant, v. WILLIAM HUNT, Warden of Attica State Prison, Attica, New York, Respondent.— Order affirmed, without costs of this appeal to either party. All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PATRICK BRENNAN, Appellant, and Others, Defendants.— Judgment of conviction affirmed. All concur. (The judgment convicts defendant of the crime of robbery, first degree.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

FIRST TRUST & DEPOSIT COMPANY, Respondent, v. T. ASHLEY DENT, Appellant. — Order affirmed, without costs of this appeal to either party. Memorandum: We think that the application for an additional allowance was properly denied. The work for which an additional allowance was sought was occasioned by the defendant's motion for summary judgment. The plaintiff should not be penalized for interposing a defense to that motion, which defense, as we have held on the appeal from the order granting the motion for summary judgment, raised a triable issue of fact. Our affirmance of the order appealed from is not to be construed as in any way affecting the defendant's right to move for an additional allowance after the trial and disposition of the action itself. On the merits of that question, we express no opinion. All concur. (The order denies defendant's motion for an additional allowance of costs.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

In the Matter of FRANCIS J. JANIK, an Attorney and Counselor at Law.— Application for termination of suspension granted. Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

## (March 18, 1942.)

In the Matter of the Examination of LELAND S. VIALL, Judgment Debtor, Appellant in Proceedings Supplementary to Judgment upon Application of RUTH B. VIALL, Judgment Creditor, Respondent, under a Judgment Recovered in an Action Entitled, etc.— Order modified by reducing the amount of the fine from $285 to $125 and as modified affirmed, without costs of this appeal to either party. Order denying motion to vacate the contempt order affirmed, without costs of this appeal to either party. Memorandum: We think the motion to vacate or open the contempt order was properly denied. That the defendant was guilty of contempt was clear. In view of the fact that the defendant's conduct caused no direct loss to the judgment creditor and that the Special Term did not find his conduct to be willful or contumacious, we think the ends of justice will be served by reducing the fine from $285 to $125. All concur.. (One order adjudges the judgment debtor to have committed a civil contempt of court and imposes a fine and sentences him to imprisonment unless said fine is paid. The second order denied a motion of the judgment debtor to vacate the previous order.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.